ANGELI C. ARAGON (SBN 176142)
aaragon@ohaganmeyer.com
ALEX J. L. SHARP (SBN 314225)
asharp@ohaganmeyer.com
KRISTEN T. VARDA (SBN 355873)
kvarda@ohaganmeyer.com
**O'HAGAN MEYER**
21650 Oxnard Street, Suite 530
Woodland Hills, CA, 91367
Telephone:   (213) 306-1610
Facsimile:   (213) 306-1615

Attorneys for Defendant,
SKINNYCORP, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANNA GONZALES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SKINNYCORP, LLC, a Delaware entity, d/b/a WWW.THREADLESS.COM,<br><br>Defendant. | Case No. 2:25-CV-11472<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT; DECLARATION OF JAKE NICKELL; DECLARATION OF KRISTEN T. VARDA**<br><br>(Removal from the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV18353) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant SKINNYCORP, LLC and THREADLESS, a trademark of SKINNYCORP, LLC, *erroneously sued as* DBA WWW.THREADLESS.COM ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California.

1  The above-entitled case is a civil action over which this Court has original
2  jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one that may be properly removed
3  to this Court pursuant to 28 U.S.C. § 1446 (b)(3). In compliance with 28 U.S.C. §
4  1446(a), Defendant asserts the following grounds for removal:

5  1. On or about June 24, 2025, Plaintiff Arianna Gonzales ("Plaintiff")
6  commenced the aforementioned action against Defendant by filing a Complaint in the
7  Superior Court of the State of California, County of Los Angeles, as a single-plaintiff
8  action, entitled *Arianna Gonzales v. SkinnyCorp, LLC, d/b/a www.threadless.com*,
9  Case No. 25STCV18353 (hereinafter, the "Initial Complaint"). (Declaration of Jake
10 Nickell ("Nickell Decl."), ¶ 3, Exhibit A.)

11 2. On or about August 26, 2025, Plaintiff filed her First Amended
12 Complaint (hereinafter, "FAC"), amending the Initial Complaint from a single-
13 plaintiff action to a class action. Plaintiff admitted in her FAC at paragraph 2 that
14 "Plaintiff is a citizen of California." Plaintiff admitted in her FAC at paragraph 3 that
15 "Defendant is an Illinois limited liability company," and that "Defendant's principal
16 place of business is the state of Illinois based on the Terms of Service on the Website
17 identifying the Website's mailing address 1 Westbrook Corporate Center,
18 Westchester, IL 60154." (Declaration of Kristen T. Varda ("Varda Decl."), ¶ X; Exh
19 1.)

20 3. Defendant first received a copy of the class action FAC on October 16,
21 2025, when Plaintiff served the FAC on defense counsel through a Notice and
22 Acknowledgment of Receipt. (Varda Decl. 4; Exh. 2.)

23 4. Defense counsel signed the Notice and Acknowledgement of Receipt on
24 October 28, 2025, approximately 12 days after it was served. (Varda Decl., ¶ 5; Exh.
25 3.)

26 5. Plaintiff's FAC identifies the entity "www.threadless.com" as a
27 Defendant in this action. However, www.threadless.com is a website created through

28

1  Defendant's trademark, Threadless. Defendant is the owner of the trademark
2  Threadless, and Threadless is not a separate legal entity. (Nickell Decl., ¶ 4; Exh. B.)
3        6.     No other papers or pleadings have been filed or served in the State Court
4  Action, with the exception of Exhibits A and 1 herein.
5        7.     The filing of this Notice of Removal is timely as it has been filed within
6  thirty (30) days after completion of the service of the class action FAC, as required by
7  28 U.S.C. 1446(b)(3) and Rule 6 of the Federal Court of Civil Procedure. *See also*
8  *Angelina & Katherine Garden, LLC v. United States Liab. Ins. Co.* (2025) U.S. Dist.
9  LEXIS 199608 (holding "[w]here Defendant's agent received Plaintiffs' complaint by
10 email on July 2, 2025 and by mail on July 7, 2025, but did not execute the Notice of
11 Acknowledgment of Receipt until July 22, 2025, the 30-day removal period began on
12 July 22, 2025 when service was deemed complete under California Code of Civil
13 Procedure § 415.30(c), making Defendant's August 13, 2025 removal timely.")
14       8.     Plaintiff's Initial Complaint was not removable, while the class action
15 FAC is properly removable under U.S.C. 1446(b)(3). (Varda Decl., ¶ 7.)
16       9.     Defendant will serve written notice of the filing of this Notice of Removal
17 to Plaintiff as required by 28 U.S.C. § 1446(d), and will file a Notice of Removal with
18 the Clerk of the Superior Court of the State of California in and for the County of Los
19 Angeles, as further required.
20    **I.     Removal Based on Diversity of Citizenship**
21       10.    This Court has original jurisdiction over this action under 28 U.S.C. §
22 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b)(3).
23 Specifically, and as explained more fully herein, this action involves citizens of
24 different states and complete diversity. As also explained more fully below, the
25 amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.
26       11.    As admitted by Plaintiff herself, Plaintiff was, at the time this lawsuit was
27 filed, and still is, a citizen of the State of California. (FAC ¶ 2.)
28

12. As admitted by Plaintiff herself, Defendant was, at the time this lawsuit was filed, and still is, a limited liability company that was organized in the State of Delaware, with its principal place of business in Illinois, located at 1 Westbrook Corporate Center, 300, Westchester, Illinois 60154. (FAC ¶ 3; Nickell Decl., ¶ 5; Exh. C.)

13. For the purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. (*See Carden v. Akoma Assoc.* (1990) 494 U.S. 185, 195-196.) Jake Nickell and Shondi Nickell are the only active members of the Board of Managers at SkinnyCorp, LLC, and both Jake Nickell and Shondi Nickell are citizens of Evanston, Illinois. (Nickell Decl., ¶ 6; Exh. C.)

14. Threadless (*erroneously sued as DBA www.threadless.com*), is, and was at the time this lawsuit was filed, a trademark owned by SkinnyCorp, LLC, filed in Chicago, Illinois. (Nickell Decl., ¶ 7; Exh. B.)

15. SkinnyCorp, LLC was not and is not a citizen of the State of California. Plaintiff was not and is not a citizen of the State of Illinois. Thus, Plaintiff is a "citizen of a State different from" SkinnyCorp, LLC under 28 U.S.C. § 1332(a). *See also Hertz Corp. v. Friend* (2010) 130 S. Ct. 1181.

16. Illinois is the main office location from where Defendant directs, controls, and coordinates business activities. The Illinois office is where all high-level business decisions are made, as well as where the day-to-day activities are managed. The books and records relating to business matters which are directed, controlled, and coordinated are stored and maintained in Illinois, at Defendant's principal place of business.

## II. Amount in Controversy

17. Removal jurisdiction exists where original jurisdiction would have also existed, and the removing defendant bears the burden of establishing jurisdiction. (28 U.S.C. § 1441(a); *Gaus v. Miles, Inc*. (1992) 980 F.2d 564, 566.)

18. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. (U.S.C. § 1441 (b)(3).)

19. Pursuant to 28 U.S.C. § 1446 (b)(3), Defendant's removal is proper because Plaintiff's Initial Complaint was not removable, but the class action FAC is. Plaintiff's Initial Complaint was not a class action and did not seek punitive damages. It sought equitable remedies and a full refund of a $20.00 hat as damages. (Plaintiff's Initial Complaint ¶¶ 18-20.)  As such, the amount in controversy did not exceed $75,000 and was not removable. However, Plaintiff's FAC was amended as a class action, and on its face alleges that the amount in controversy exceeds $75,000, as it seeks general damages for over 100 class members, punitive damages – a legal remedy not sought in the Initial Complaint –as well as seeking attorneys' fees. (See Plaintiff's Initial Complaint; See Plaintiff's FAC, ¶¶ (a), (d).)

20. Defendant denies that Plaintiff is entitled to any recovery whatsoever in this action, and by filing this Notice of Removal, Defendant does not waive any defenses or claims that may otherwise be available to it. Without waiving this position, and in light of the allegations of Plaintiff's class action FAC, the alleged amount in dispute in this matter exceeds $75,000, exclusive of interest and costs.

21. Defendant has therefore demonstrated that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1446 (b)(3).

### III. Venue

22. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Los Angeles, California, where the action was filed and is pending.

23. Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the state of California in the County of Los Angeles. The Notice of Removal is concurrently being served on all parties.

For the foregoing reasons, Defendant respectfully submits that the FAC is removable to this Court under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b)(3).

DATED: December 1, 2025

**O'HAGAN MEYER**

By: _____
ANGELI C. ARAGON
ALEX J. L. SHARP
KRISTEN T. VARDA
Attorneys for Defendant,
SKINNYCORP, LLC